IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN CARLOS RODRIGUEZ-FRANCISCO,** | : CIVIL ACTION NO. 1:21-CV-1180 |
| | : |
| | : (Judge Conner) |
| Petitioner | : |
| | : |
| v. | : |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| | : |
| Respondent | : |

# MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Juan Carlos Rodriguez-Francisco, challenges the United States Bureau of Prisons' denial of his request for home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. We will dismiss the petition without prejudice for lack of jurisdiction.

## I. Factual Background & Procedural History

Rodriguez-Francisco, who was formerly incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania and is currently incarcerated in the Coleman Federal Correctional Institution ("FCI-Coleman") in Wildwood, Florida, seeks a writ of habeas corpus compelling the BOP to transfer him to home confinement pursuant to the CARES Act. (Doc. 1). Respondent contends that this court lacks jurisdiction over the petition because Rodriguez-Francisco is confined in Florida and because federal courts do not have jurisdiction to order the BOP to place inmates on home confinement under the CARES Act. (Doc. 6).

**II.   Discussion**

We will dismiss the petition for lack of jurisdiction.  Decisions of whether to transfer prisoners to home confinement under the CARES Act are left to the discretion of the BOP.  See, e.g., Olson v. Warden Schuylkill FCI, No. 21-2436, 2022 WL 260060, at *2 (3d Cir. Jan. 27, 2022) (nonprecedential);[1] Hill v. Bradley, No. 3:21-CV-2036, 2023 WL 146242, at *3 (M.D. Pa. Jan. 10, 2023); Ramdeo v. Spaulding, No. 1:20-CV-2458, 2021 WL 6063218, at *2 (M.D. Pa. Dec. 22, 2021) (Conner, J.); United States v. Komoroski, 467 F. Supp. 3d 227, 241 (M.D. Pa. 2020); United States v. Cruz, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020).[2]

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

[2] Respondent additionally argues the petition should be dismissed for lack of jurisdiction because petitioner is confined in Florida.  We find this argument unavailing.  When a Section 2241 habeas corpus petition is filed in the district of the petitioner's confinement, the petitioner's post-filing transfer to another district does not deprive the court of jurisdiction.  Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 445-46 (3d Cir. 2021).  Under the prisoner mailbox rule, Rodriguez-Francisco's petition is deemed filed on June 18, 2021, the date he submitted it to prison officials for mailing.  See (Doc. 1 at 9); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).  The record reflects that Rodriguez-Francisco was transferred out of FCI-Allenwood three days later, on June 21, 2021.  (Doc. 6-1 ¶ 4).  Hence, Rodriguez-Francisco's transfer does not strip this court of jurisdiction because he was confined in this district when he filed his petition.  Anariba, 17 F.4th at 445-46.

**III.     Conclusion**

      We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     February 17, 2023